IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:00CR47-5-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHARLES EDWARD O'NEIL, )<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motions For Relief Pursuant to Rule 35(b). (Documents #480, #482) Also before the Court is a Motion To Correct Clerical Mistake In Judgment filed by the Defendant. (Document #484) Because each of these motions seek the same relief, the Court addresses them together.

On September 13, 2001, Defendant pled guilty to Counts 1 and 3 in the Superseding Bill of Indictment, which alleged violations of 21 U.S.C. §§ 846 and 841(a)(1), and 18 U.S.C. §§924(c) and 2.[1] With respect to Count 1, Defendant faced a statutory sentence of 10 years to life. Count 3 carried a 5 year mandatory minimum sentence, consecutive. On November 15, 2001, Defendant was sentenced to 150 months imprisonment, (90 months on Count 1; 60 months on Count 3, consecutive).[2] Judgment was entered on December 4, 2001. Defendant did not exercise his right to appeal his conviction and sentence to the Fourth Circuit Court of Appeals.

---

[1] Defendant's Plea Agreement stipulated that the amount of cocaine known to or reasonably foreseeable by the Defendant was at least 500 grams but less than 2 kilograms. (Plea Agreement, ¶3a at 2.)

[2] Defendant was originally sentenced on November 5, 2001. In attempting to award Defendant credit for a state sentence served for conduct related to the underlying federal offenses, the undersigned misapplied the federal sentencing guidelines - treating the time spent in state custody as an undischarged term of imprisonment even though Defendant had completed service of the state sentence. (11-5-01 Sentencing Hr'g Tr., at 11.) On November 15, 2001, Defendant was brought back before the Court for resentencing in order to correctly state the proper guidelines analysis. (11-15-01 Resentencing Hr'g Tr., at 2.) In both instances, the total term of imprisonment was 150 months.

1

In his Rule 35(b) motions, Defendant claims 1) that he provided 'substantial assistance' to the federal authorities that warrants a reduction in sentence under Rule 35(b); 2) that under the terms of his Plea Agreement he is entitled to a reduction of sentence for *all* of the assistance he provided (including with respect to the individuals identified within the filing); and 3) that notwithstanding the Government's recommendation during the sentencing hearing, "the issue went unaddressed by the Court." (8-27-04 Motion, at 4.) Although Defendant was sentenced more than 4 years ago, he explains that "the few remaining defendant's [sic] O'Neil agreed to testify against are just now being brought to justice." (8-27-04 Motion, at 4.)

Defendant's motion is without merit. On November 5, 2001, pursuant to the Presentence Report, the Court originally sentenced Defendant as a career offender, which triggered a guideline range of 262 to 327 months. At the time of sentencing, the Government recommended a downward departure pursuant to U.S.S.G. §5K1.1 as a result of Defendant's substantial assistance. (10-5-01 Sentencing Hr'g Tr., at 5-6.) The Assistant U.S. Attorney explained that the Government's recommendation reflected what it deemed to be an appropriate departure given Defendant's prior criminal record. (Id.) The Court departed downward as suggested by the Government and sentenced Defendant at a Base Offense Level 25, Criminal History Category VI, imposing a total sentence of 180 months imprisonment. (Id., at 11.) The Court then granted Defendant a further reduction of sentence from 180 to 150 months. (Id.) The Court contemplated a departure that would take into account the time Defendant spent in state custody for related charges.

As for Defendant's claim that the calculation of his guidelines sentence constitutes a "clerical error" under Fed. R. Crim. P. 36, Defendant's motion is not well taken.[3] The Court ultimately sentenced Defendant at Base Offense Level 28, Criminal History Category V. Despite Defendant's claim to the contrary, the Court did *not* include the convictions

---

[3] Far from a mere clerical error, Defendant contends that the sentence imposed in his case is substantively wrong. Defendant's motion in this regard amounts to a collateral attack on his sentence and is, therefore, likely procedurally barred or untimely. In any event, because Defendant does not present his claim as a constitutional challenge, the Court does not construe it as such.

referenced at Paragraphs 42-44 of the PSR in the criminal history calculation. (11-15-01 Resentencing Hr'g Tr., at 3.) As a result, Defendant did not satisfy the career offender criteria. (Id.) However, because the prior convictions referenced in Paragraphs 42-44 were found to be relevant conduct for the instant offense (consistent with Defendant's desire to receive credit for time served in state custody on these offenses), the drugs involved in those prior convictions were added to the quantity of drugs already attributed to the Defendant pursuant to the Plea Agreement.[4] (Id., at 3-4.) The end result was an increase in Defendant's base offense level from 25 to 28. (Id., at 3-4.) Further, the Court was not bound by the stipulation in the Plea Agreement to "recommend" a drug amount to the Court.[5] Defendant consented to the proposed recalculation of his guidelines sentence, and by doing so, netted a significant reduction of sentence by not being sentenced as a career offender. Defendant's Rule 36 motion must be denied.

Finally, to the extent Defendant seeks the benefit of post-sentencing cooperation, because the Government has discretion in terms of evaluating the nature and quality of the assistance given for purposes of motions under Fed. R. Crim. P. 35(b), Defendant's motion will be denied.

**IT IS, THEREFORE, ORDERED**, that Defendant's motions are hereby **DENIED**.

---

[4] A review of the Presentence Report reveals that the drug quantity stipulated to in the Plea Agreement as known or reasonably foreseeable by Defendant refers to Defendant's possession of 2 kilograms of cocaine at the time of his arrest and did not already include the amounts discussed in Paragraphs 42-44 in the calculation. (PSR, at 7, ¶¶12, 13; 11-5-01 Sentencing Hr'g Tr., at 5.)

[5] The Plea Agreement reads:

"3. In regard to the Sentencing Guidelines, the defendant and the United States agree to *recommend* to the Court as follows:

a. The amount of cocaine was known to or reasonably foreseeable by the defendant was at least 500 grams but less than 2 kilograms."

\*\*\*
(Plea Agreement, at 2, ¶3a.)(*emphasis added*).

Signed: March 24, 2006

Richard L. Voorhees
Chief United States District Judge